UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DWAYNE DIGGS

                Petitioner,

v.

JOHN DOE,

                Respondent.

Case No. 23-12593
Honorable Shalina D. Kumar
Mag. Judge Kimberly G. Altman

**OPINION AND ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

In 2023, Petitioner Larry Dwayne Diggs filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Michigan. At the time he filed the petition, Diggs was incarcerated at a halfway house located in Grand Rapids, which is in the territorial jurisdiction of the Western District. See 28 U.S.C. § 102(b)(2). The Western District transferred the case to this district because the entity having control over Diggs' halfway house, the Detroit Residential Reentry Management field office, is located here. (See ECF No. 3.) Diggs was released from custody on February 22, 2024, but did not provide the Court with updated contact information. *See* E.D. Mich. LR 11.2 (requiring a party to "promptly" alert the court when contact information changes). On May 1, 2024, the Court directed Diggs to serve a notice of his current address

1

to the Clerk within twenty-one days or otherwise show cause why the complaint should not be dismissed for violation of Local Rule 11.2 or for failure to prosecute under Federal Rule of Civil Procedure 41(b). (*See* ECF No. 5.)

Diggs has not complied with Local Rule 11.2 or the Court's Notice because he has not provided the Court with updated contact information. The case is subject to dismissal on this basis. *See e.g., White v. City of Grand Rapids*, 34 Fed. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of complaint for want of prosecution based upon failure to provide current address); *Brown v. White*, No. 2:09-CV-12902, 2010 WL 1780954, *1 (E.D. Mich. Apr. 30, 2010) (dismissing habeas petition based upon failure to provide current contact information and failure to exhaust state court remedies).

For these reasons, the petition for habeas corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

Before Diggs may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a

2

constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's ruling. The Court, therefore, **DECLINES** to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED** because an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: June 28, 2024

3